John P. Gualtieri, J.
On July 22, 1963, claimant and the State entered into a contract for the completion of Contract No. F. A. E. 0. 62-192, H. C. 6551, Amsterdam-Morris Corners, State Highway 513, which contract had been previously let to one A. Haberek.
*1005 The State officially accepted completion of the contract on January 6, 1964. On March 5, 1964, the State’s final estimate of $16,942.06 was submitted to the claimant, which was refused. Thereafter a draft in said sum was tendered to the claimant which claimant refused to accept and returned to the State Comptroller on August 18, 1964. The present claim was filed on November 9,1964. On December 8, 1964, by judgment of this court the undisputed amount of $16,942.06 was directed to be paid with the proviso that the claimant could pursue its claim for the matters in controversy.
There are in dispute three items: (1) a claim for $11,340.27 for extra work in connection with Item 39X of the State specifications; (2) a claim for $2,687.48 for the replacement of a section of corrugated pipe; and (3) interest on $16,942.06, the severed portion of the claim. The severance judgment provided that the matter of interest on the severed claim be deferred to the trial.
At the conclusion of the trial the Attorney-General made a motion to deny interest on the severed portion, upon which motion decision was reserved.
In connection with the 39X item above referred to, claimant was required under the contract to furnish certain materials, which materials had to have the prior approval of the State. Claimant informed the State officials that he proposed to obtain said materials from the ‘ Franklin Pit ’ ’. Following normal procedures the State made appropriate tests and notified the claimant that the materials from said pit were acceptable. Thereafter State officials made a further series of tests from this same pit without giving claimant any notice that said materials were not satisfactory. It was not until the materials had been used and placed on the site by the claimant that State representatives for the first time informed the claimant that the materials had been disapproved by the Albany office of the Department of Public Works. Claimant was thereupon directed to tear up the section, which the claimant did under protest, and the work had to be redone with other materials which the State said were suitable.
Although the contract provides that the acceptance of any material shall not be a bar to its future rejection, the State cannot wait until a contractor has in good faith used the materials for which the State has given prior approval and then arbitrarily after the contractor has done the work and used the material with the State’s acquiescence and consent, tell the contractor that he must destroy what has been done and do the work all over again. There is nothing in this record to show *1006 that the State did not have adequate time to make its required tests, and the State could not wait until after the contractor had fulfilled its contract on this phase to notify him that it was discovered that the materials were unsuitable.
The claim on this 39X item is allowed in the sum of $11,340.27. However, there is to be deducted therefrom the sum of $1,500. The evidence discloses that as part of its claimed damage in the sum of $11,340.27 several of claimant’s vehicles were idled at a consequent loss to the claimant in the sum of $5,728.50. Inasmuch as claimant’s vehicles were used for the transportation of materials to redo the work directed to be replaced by the State said item of damage is reduced by the sum of $1,500. Claimant is therefore awarded on this item the sum of $9,840.27.
The next claimed item of damage is in connection with the repair and replacement of damaged corrugated pipe. It is contended by the claimant that the design for the laying of the corrugated pipe in the first instance was improper because the pipe was laid at an improper elevation and that the State should have known this and laid the pipe lower so as not to be damaged by the heavy equipment which would necessarily pass over the location. The court feels that is must reject this item of damage. The pipe was laid in accordance with the plans and specifications. Claimant knew that it was there and should have conducted its operations in a manner so as not to cause any damage to it. Although other traffic passed over this area it is undisputed that claimant’s own heavy equipment passed over the pipe area and contributed substantially to the breakage which ensued.
Furthermore, when the pipe damage occurred the claimant repaired it without making any complaint and in fact did not even raise this question when it declined to accept the State’s final estimate. In its protest against the final estimate it set forth its position regarding the 39X item without mentioning the pipe in any way. This portion of the claim is totally disallowed.
Finally, we come to the matter of interest on the $16,942.06, the amount the State conceded to be due and awarded to the claimant in the severance judgment hereinbefore referred to. The contract provides that if the contractor refuses to accept the final payment as tendered by the State, as was done in this case, that it shall be deemed to constitute a waiver of any right to interest on the sum offered. The claimant refused to accept the final payment and is bound by the provisions of its contract. (Wood v. State of New York, 12 N Y 2d 25; Byrne Constr. Co. v. New York State Thruway Auth., 19 A D 2d 192; Yonkers *1007 Contr. Co. v. New York State Thruway Auth., 26 A D 2d 766.)
The State’s motion to disallow interest on this item, upon which decision was reserved at the trial, is now granted.
It seems appropriate to make some pertinent comments regarding the submission of proposed findings for marking by the court. Too often, as is the case here, parties submit voluminous, unnecessary and meaningless requests to find. For example, one of the attorneys in this case in request after request asks the court to find that a witness testified to certain facts and draws the court’s attention to the page on which such testimony appears in the record. Also, a number of requested findings are to the effect that the exhibits which are in evidence without objection contain certain provisions. Approximately 40 of the 111 requests to find fall in these categories. Bequests of this kind simply waste the time of the attorney who drafts them and needlessly waste the time of the court who has to pass on them. It would be well for all of us to keep in mind that requests to find should be confined to the ultimate facts which the attorney feels are established by the evidence and they should be concise, unambiguous and specific. Findings should be facts deemed established by evidence, not a detailed recitation of the evidence itself.
Judgment in the sum of $9,840.27 is hereby awarded against the State with interest on said sum from March 5, 1964 to September 5, 1964 and from November 9, 1964 to date of entry of judgment. (Yonkers Contr. Co. v. New York State Thruway Auth., supra.)